Mr. Justice Clayton
delivered the opinion of the court.
This was a motion to erase a credit from an execution, made more than five years after the indorsement of the credit, and the return of the execution. A new execution was issued for the balance due on the judgment, which was returned satisfied twelve months after the return now sought to be expunged.
In the case of Prewitt v. Standifer, 8 S. & M. 493, it was held, that after an^acquiescence of six years, unless the delay was satisfactorily explained, the plaintiff would be considered as bound by a return of satisfaction, upon an execution. It was said the plaintiff must be presumed to have known of the return, and he ought at once to have disclaimed the act, if he did not intend to be bound by it.
In this case a similar presumption would arise. The delay has been so great, that if the payment were set aside, the defendant in the execution would probably be barred of an action on the official bond of the sheriff against his sureties for the amount so paid to him. Five years form the limitation to such actions. H. & H. 570, § 97.
The ground on which the motion was made, appears to have been, that the money was paid after the return day of the execution. That would have been good cause, if application had been made in due time. But such an act is capable of confirmation, and long acquiescence must have the same effect. See Anketell v. Torrey, 7 S. & M. 474; 2 How. S. C. R. 258.
If leave had been granted to the sheriff, at the time the motion was tried to amend his return, such amendment could not have explained away the acquiescence. It must have been confined to the facts which transpired anterior to the return. This makes it unnecessary to decide upon the propriety of refusing the application for leave to amend.
Judgment affirmed.